74707. GENERAL HOSPITALS OF HUMANA, INC.
v. BENTLEY et al.
(361 SE2d 718)

SOGNIER, Judge.

The executors of the Estate of Leland P. Fomby, Sr. instituted this medical malpractice action against General Hospitals of Humana, Inc. d/b/a Humana Hospital-Newnan for negligence and for the wrongful death of Fomby. It was alleged that Fomby committed suicide due to the pain he experienced as a result of complications from his fall in a bathtub while a patient at the hospital two years prior to his death. The trial court granted the hospital's motion for summary judgment as to the wrongful death claim and as to the allegation of negligent failure to place non-slip adhesive patches in the bathtub. The trial court denied the hospital's motion as to the remaining allegation of the complaint, that of negligently failing to supervise Fomby while he exited the bathtub. We granted the hospital's application for interlocutory appeal.

Appellees' decedent, at the age of 72, underwent a hernia repair operation on December 15, 1983. The decedent's doctor left instructions with appellant's nursing staff on December 16 that the decedent was to be encouraged to walk on his own and that he was to take a "tub bath *self.*" The decedent was assisted by orderlies in both entering and exiting the bathtub during his first tub bath; however, on December 18, after having been assisted in entering the tub, the decedent slipped and fell during the process of exiting the tub without assistance. There was evidence that the decedent waited for the return of the orderly until his bathwater turned cold before attempting to exit the tub by himself.

In support of its motion for summary judgment, appellant submitted the affidavit of Sheila Everly, Associate Executive Director-Nursing and a licensed nurse, who averred that based on her "education, training and experience, I am familiar with the standard nursing care of patients practiced by hospital nursing staffs and nurses generally including that practiced in the Newnan, Georgia area. Further, I am familiar with the care of patients with conditions and circumstances similar to those of [appellees' decedent]. In my opinion, the care and treatment of [appellees' decedent] by the nursing staff at [appellant's facility] at all times and in all respects was in keeping

with good and accepted practices and met that reasonable degree of care and skill ordinarily exercised by nurses generally in like or similar circumstances." Everly also stated that appellant's staff properly executed the orders of the decedent's physician and that "no act or omission on the part of [appellant] or its employees . . . caused or contributed in any way to any of the injury or damage allegedly sustained by [appellees' decedent]."

Appellant contends the trial court erred by denying its motion for summary judgment on the negligent supervision allegation because appellee failed to produce expert testimony to rebut the affidavit by appellant's expert asserting appellant did not deviate from the requisite standard of care in its treatment of a patient in appellees' decedent's circumstances and condition. We note that appellees do not assert that this is one of those cases where professional negligence is so apparent that expert testimony is unnecessary to establish a prima facie case of malpractice, as in the "pronounced results" cases such as *Killingsworth v. Poon*, 167 Ga. App. 653 (307 SE2d 123) (1983). Rather, appellees argue their action was not based upon professional malpractice but upon a simple negligence theory not requiring ·expert testimony in order for them to prevail at trial, and thus their failure to produce an expert's rebuttal testimony did not entitle appellant to summary judgment. *Self v. Executive Committee &c.*, 245 Ga. 548 (266 SE2d 168) (1980); *Candler Gen. Hosp. v. McNorrill*, 182 Ga. App. 107, 109-110 (2) (354 SE2d 872) (1987). On the basis of this assertion that their suit is not a medical malpractice action, appellees argue questions of fact exist regarding the interpretation to be given the order of the decedent's physician (asserting that "tub bath *self*" indicated Fomby could bathe himself but not necessarily enter and exit the tub by himself). We need not address this matter, however, since we do not agree with appellees that this suit sounds in simple negligence.

"A professional malpractice action is merely a professional negligence action and calls into question *the conduct of a professional in his area of expertise.* 'In malpractice actions against professionals, it is essential to the plaintiff's cause of action that competent evidence be presented as to the reasonableness and skill of the practitioner's conduct. Except in clear and palpable cases, expert testimony is necessary to establish the parameters of acceptable professional conduct, a significant deviation from which would constitute malpractice. [Cits.]' [Cit.]" *Candler Gen. Hosp.*, supra at 110. "The requirement that expert testimony be adduced in a medical malpractice case is premised .upon the existence in such a case of 'medical questions' which control its resolution. [Cits.] ' "Medical questions' " may be defined as those 'concerning highly specialized expert knowledge with respect to which a layman can have no knowledge at all, and the court

and jury must be dependent on expert evidence.' [Cit.]" *Cherokee County Hosp. Auth. v. Beaver*, 179 Ga. App. 200, 204 (345 SE2d 904) (1986).

The question here is whether appellant deviated from the applicable standard of care in its supervision of a patient in the condition and circumstances of appellees' decedent. See generally *Emory Univ. v. Shadburn*, 47 Ga. App. 643 (1) (171 SE 192) (1933). The evidence here clearly indicates that the medical condition of the patient was the determinative factor as to the degree of supervision the patient was accorded by the hospital staff. Thus, the alleged negligent act required the exercise of expert medical judgment by appellant's staff. Compare *Candler Gen. Hosp.*, supra. We do not agree with appellees that evidence as to their decedent's age and the recentness of the operation he underwent placed their case within the common knowledge of jurors. We will not place a duty on a hospital to supervise and assist each and every patient exiting a bathtub in its facility or even each and every 72-year-old male three days after hernia repair surgery. We reiterate that " '[a] private hospital in which patients are placed for treatment by their physicians, and which undertakes to care for the patients and supervise and look after them, is under the duty to exercise such reasonable care in looking after and protecting a patient *as the patient's condition*, which is known to the hospital through its agents and servants charged with the duty of looking after and supervising the patient, *may require. . . .*' " (Emphasis supplied.) *Maddox v. Houston County Hosp. Auth.*, 158 Ga. App. 283, 284 (279 SE2d 732) (1981). We do not find the cases cited to us by appellees, such as *Donson Nursing Facilities v. Dixon*, 176 Ga. App. 700, 701 (1) (337 SE2d 351) (1985), require a different result since those cases are distinguishable on the basis that the severity of the medical condition of the patients had already been established by the evidence, as had the duty to supervise and the failure to so supervise.

Since appellees would be required to produce an expert's opinion in order to prevail at trial, the production by appellant of an expert's opinion in its favor on motion for summary judgment and the failure by appellees to produce a contrary expert opinion in opposition to that motion resulted in the absence of any genuine issue of material fact to be tried by the jury. *Howard v. Walker*, 242 Ga. 406, 408 (249 SE2d 45) (1978). Accordingly, the trial court erred by not granting summary judgment in favor of appellant.

Although appellees in their brief question the qualifications of appellant's expert, appellees made no such objection before the trial court and thus we will not consider this issue raised for the first time on appeal. See *Bell v. Sellers*, 248 Ga. 424, 426 (1) (283 SE2d 877) (1981).

*Judgment reversed. McMurray, P. J., and Beasley, J., concur.*

DECIDED OCTOBER 9, 1987.

*David M. Brown, Elizabeth S. Haley*, for appellant.
*Tony H. Hight*, for appellees.