## 75133. CHAFIN v. WESLEY HOMES, INC.

(367 SE2d 236)

BENHAM, Judge.

Appellant, acting as his mother's guardian, filed suit against appellee, claiming it was negligent in providing care and treatment for his mother, a victim of Alzheimer's disease. The suit also alleged appellee committed battery and breach of contract against the patient. Appellee denied the allegations and, after discovery, filed a motion for summary judgment on the negligence count. After reviewing the record and holding a hearing, the trial court granted appellee's motion. Appellant here challenges the judgment, which we affirm.

1. Appellant claims that the trial court erred in treating his case as a professional malpractice action rather than an ordinary negligence action and that the court erroneously construed the evidence under the rules governing such cases. We disagree.

"A professional malpractice action is merely a professional negligence action and calls into question *the conduct of a professional in his area of expertise." Candler Gen. Hosp. v. McNorrill*, 182 Ga. App. 107, 110 (354 SE2d 872) (1987). If the alleged negligent act or omission of a hospital employee does not require the exercise of expert medical judgment or involve any medical questions, then it does not purport to be a "medical malpractice" action, and therefore expert medical testimony as to the standard of nursing care would be unnecessary. Id. Appellant argues in his brief that the allegations in Count 1, the negligence count of his complaint, involved only acts and omissions by nursing home personnel that "required no specific medical judgment," and likens his case to the situation in *Candler Gen. Hosp. v. McNorrill.* Contrary to appellant's assertions, all the allegations of negligence involve professional judgments by administrators, nurses, or physicians. For example, appellant alleged that appellee "at all times used a catheter to keep Plaintiff's bladder emptied, . . . wrongfully administered the drugs Haldol and Valium to keep Plaintiff under sedation; and intravenously fed Plaintiff liquid glucose, and forced-fed liquid protein as a convenience rather than provide Plaintiff with adequate nursing care to enable Plaintiff to ingest solid food." These allegations are not in the nature of merely "performing administrative or clerical acts requiring no medical judgment" (id. at 110) as appellant contends, but call into question the making of pro-

fessional medical judgments. By contrast, in *Candler Gen. Hosp.*, the only issue was the nurse's decision to undertake the physical act of moving the patient from a stretcher or casting table to a wheel chair, which was "merely an act of relative physical strength and dexterity rather than an act requiring the exercise of expert medical judgment." Id. at 110. See also *Self v. Exec. Committee &c. of Ga.*, 245 Ga. 548 (266 SE2d 168) (1980), in which the plaintiff's suit against the hospital sounded in simple negligence based on plaintiff's husband's suffering a fall allegedly due to a leaking bathroom fixture. Since the instant case, unlike *Candler Gen. Hosp.*, involved the questioning of expert medical, nursing, and administrative judgments, the trial court did not err in treating it as a professional malpractice case and applying the rules appropriate thereto.

2. In support of its motion for partial summary judgment, appellee submitted affidavits from Dr. Herbert Karp, the director of medical services for appellee, and Dr. Robert W. Goldstein, the physician who treated appellant's mother. Both doctors stated their affidavits were based on personal knowledge and that appellee met the requisite standard of care required of long-term care facilities. In response, appellant submitted an affidavit from a registered nurse who stated that appellee failed to exercise reasonable care for appellant's mother, but who gave no specifics in that regard. While the nurse's credentials may have qualified her as an expert to refute appellee's affidavits from a nursing and administrative service standpoint, she was not qualified to refute the treating physician's statements. Moreover, the nurse's affidavit failed to address specifically the alleged shortcomings in the care provided at appellee's facility.

In a professional malpractice case, "[an] expert'[s] opinion in opposition to the defendant's motion for summary judgment must establish 'the parameters of acceptable professional conduct, a significant deviation from which would constitute malpractice. [Cits.]' . . . Appellant's expert's [affidavit] did not meet that requirement. Rather than setting out what should have been done and comparing that to what was done, the affidavit merely concluded that appellee['s] treatment did not meet the appropriate standard of care. Such an affidavit, failing to establish the parameters of acceptable professional conduct, is not sufficient to carry the burden required of a plaintiff when a defendant has made a prima facie showing of entitlement to judgment. [Cits.]" *Beauchamp v. Wallace*, 180 Ga. App. 554, 555 (349 SE2d 791) (1986). Since appellant's affidavit did not meet the standard set out in *Beauchamp*, the trial court did not err in granting appellee's motion for summary judgment.

3. In appellant's final enumeration of error, he contends that his obligation to provide expert testimony in this case is obviated by the "pronounced results" exception and that the trial court erred in fail-

ing to conclude that the exception was applicable. The exception applies to exceedingly rare medical malpractice cases "where the asserted actionable negligence would appear to be so clear from the evidence then of record that expert testimony would, at that point, otherwise be unnecessary to establish a prima facie case of malpractice. [Cits.]" *Killingsworth v. Poon*, 167 Ga. App. 653, 655 (307 SE2d 123) (1983).

We find no evidence in the record that the trial court was asked to consider applying the exception to this case, and so there is nothing for us to consider. "Grounds which may be considered on appeal are limited to those which were urged before the trial court. [Cits.]" *Harrison v. Lawhorne*, 130 Ga. App. 314 (5) (203 SE2d 292) (1973).

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 1, 1988 —
REHEARING DENIED MARCH 17, 1988 — 

*L. David Wolfe*, for appellant.
*James T. Budd, Wilbur C. Brooks*, for appellee.