77399. PIEDMONT HOSPITAL, INC. v. MILTON et al.
(377 SE2d 198)

McMURRAY, Presiding Judge.

Vivien Milton and his wife brought a two-count action against Piedmont Hospital, Inc., seeking damages for injuries Mr. Milton allegedly sustained in a fall while recovering from surgery at defendant's hospital. In Count 1, the Miltons alleged medical malpractice in that defendant's nursing staff was negligent in allowing Mr. Milton "to leave his bed and proceed to the bathroom," disregarding the treating physician's order that patient remain "supine." In Count 2, the Miltons assert generally that their "damages were caused by the negligence of the Defendant . . ."

The Miltons filed with their complaint the affidavit of Dr. William M. Scaljon, who deposed that he performed surgery on Mr. Milton on December 15, 1986, and that after surgery he gave defend-

ant's nursing staff "instructions for the patient to remain [in the] 'supine position today.'" Dr. Scaljon further deposed that "it was brought to his attention that in the early morning of December 16, 1986, that Mr. Milton fell and broke his hip while being assisted to the bathroom[;] that walking the patient to the bathroom by a nurse or a nursing assistant was contrary to [his] directions [and that he] did not anticipate that a nurse or nursing assistant would walk the patient to the bathroom under the instructions given."

Defendant filed a motion to dismiss the Miltons' medical malpractice action, arguing that Dr. Scaljon's affidavit did not satisfy OCGA § 9-11-9.1. The trial court denied defendant's motion and this court granted defendant's application for interlocutory appeal. *Held*:

OCGA § 9-11-9.1 (a) provides that "[i]n any action for damages alleging professional malpractice, the plaintiff shall be required to file with the complaint an affidavit of an expert competent to testify, which affidavit shall set forth specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim."

Dr. Scaljon's affidavit is insufficient to meet the requirements of this Code section in that it fails to show that the affiant is "an expert competent to testify" in the field of nursing. The affidavit is also deficient in that it does not indicate that defendant's nursing staff breached the requisite degree of care and skill required of the nursing profession generally by deviating from the treating physician's post operative instructions. See *Pilgrim v. Landham*, 63 Ga. App. 451 (3, 4) (11 SE2d 420). Consequently, the trial court erred in failing to dismiss Count 1 of the Miltons' complaint for medical malpractice. However, the Miltons' complaint may be construed to state a cause of action for simple negligence, i.e. negligence that can be determined without the resort to expert testimony. Accordingly, Count 2 of the complaint must be sustained as a genuine issue of material fact remains with regard to the proximate cause of Mr. Milton's injuries.

*Judgment affirmed in part and reversed in part. Pope and Benham, JJ., concur.*

DECIDED DECEMBER 5, 1988.

*Long, Weinberg, Ansley & Wheeler, Robert G. Tanner, Stephen H. Sparwath*, for appellant.
*Young & Murphy, Robert G. Young*, for appellees.