## A89A2257. HILLHAVEN REHABILITATION & CONVALESCENT CENTER v. PATTERSON.
### (392 SE2d 557)

BEASLEY, Judge.

William Patterson, as executor of the estate of the deceased John Patterson, brought an action for medical malpractice against Hillhaven, a nursing home. While a patient at Hillhaven, John Patterson fell out of bed, broke his hip and subsequently died from complications arising out of the injury. The complaint alleged that Hillhaven

failed to exercise reasonable care by failing: 1) to have adequate nurses to assist decedent; 2) to provide adequate guard rails; 3) to use a restraint to secure decedent to the bed; 4) to assist decedent in getting in and out of bed in his weakened condition; 5) to heed the family's warning that he needed to be monitored and to use bed rails; 6) to provide supervision of the patient; 7) to exercise that degree of care and skill ordinarily possessed by the nursing profession generally.

1. After discovery Hillhaven moved for summary judgment, attaching an affidavit supporting its compliance with the requisite standard of care for a nursing home. Patterson filed a physician's affidavit in opposition. The trial court denied the motion, and we granted Hillhaven's application for interlocutory review. The principal issue is whether the plaintiff's medical affidavit is sufficient to demonstrate a violation of the applicable standard of care by Hillhaven.

The affidavit recited: "Based on my education . . . and experience, I am familiar with the standard of care and treatment rendered by nursing homes under the same or similar circumstances with respect to the type of care involved in the care of John . . . Patterson. . . . Based on a review of his medical records and my personal knowledge, in my opinion, the care of [John] Patterson by the nurses, nurses aides and all other agents or employees of Hillhaven . . . at all times and in all respects did not meet the degree of care and skill required of nursing homes generally and the employees of such nursing homes in the Atlanta metropolitan area under the same or similar circumstances."

Plaintiff cannot prevail on motion for summary judgment merely by presenting a conclusional opinion that defendant was negligent or failed to adhere to the professional standard, for such does not create an issue of fact. He must state the particulars in which the treatment was negligent, including an articulation of the minimum standard of acceptable professional conduct, and how and in what way defendant deviated therefrom. *Loving v. Nash*, 182 Ga. App. 253, 255 (1) (355 SE2d 448) (1987). Accord *Minchey v. Zane*, 188 Ga. App. 733 (374 SE2d 225) (1988); *Humphrey v. Alvarado*, 185 Ga. App. 486, 487 (2) (364 SE2d 618) (1988); *Bushey v. Atlanta Emergency Group*, 179 Ga. App. 827, 828 (348 SE2d 98) (1986). The affidavit offered by Patterson failed to meet the threshold requirement of the right to recover for medical malpractice.

2. Although not brought to this court's attention when the interlocutory application was filed, Patterson argued a basis for recovery based upon ordinary negligence in response to a motion to dismiss the complaint and pursues this line of argument on appeal. Some of the grounds in the complaint, such as number 4 listed above, assert ordinary negligence.

There is no requirement that expert testimony be produced by

plaintiff proceeding upon a simple negligence theory in order to prevail at trial. *Self v. Executive Committee &c. of Ga.*, 245 Ga. 548 (266 SE2d 168) (1980); *Piedmont Hosp. v. Milton*, 189 Ga. App. 563, 564 (377 SE2d 198) (1988). These so-called "administrative acts" whose performance requires no professional knowledge, skill or experience need not be supported by expert opinion. *Porter v. Patterson*, 107 Ga. App. 64, 70-73 (1) (129 SE2d 70) (1962). See also *Shea v. Phillips*, 213 Ga. 269, 271 (2) (98 SE2d 552) (1957); *Killingsworth v. Poon*, 167 Ga. App. 653, 655 (307 SE2d 123) (1983) [negligence may be indicated from "pronounced results"]. Insofar as the complaint can be construed as setting forth simple negligence as a basis for recovery, summary judgment was properly denied.

The judgment must be reversed with direction that all allegations of medical malpractice be stricken and that plaintiff be allowed to proceed only upon simple negligence. See OCGA § 9-11-56 (d).

*Judgment reversed with direction. Carley, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 7, 1990 —
REHEARING DENIED MARCH 23, 1990.

*Goldner, Sommers & Scrudder, Susan V. Sommers, Linda E. Jacobsen*, for appellant.
*Custer, Hill & Clark, Lawrence B. Custer*, for appellee.