A90A0021. BROWN v. DURDEN et al.
(393 SE2d 450)

BANKE, Presiding Judge.

The appellant brought this action against physician Mark Durden and members of the latter's office staff, seeking to recover damages for the alleged wrongful death of her husband resulting from a fall from an examining table in Durden's office. She brings this appeal from the grant of the defendant-appellees' motion for summary judgment.

The decedent had been a patient of Dr. Durden's for approximately eight years prior to his death, during which time he had been treated for blackouts and seizures. On the day in question, the appellant had found her husband lying in their yard in an unconscious and incontinent condition. She telephoned Dr. Durden's office and was in-

structed by a member of his office staff to bring her husband to the office immediately. Upon their arrival there, the appellant and her husband were escorted to an examination room by Dr. Durden's medical assistant, who placed the decedent in a seated position on a "high level examining table." While the evidence is in dispute with respect to the conversation which ensued, the appellant maintains that she informed the assistant that her husband had fallen and was experiencing dizziness and nausea due, she believed, to a seizure. After taking the patient's blood pressure and temperature, the assistant departed the examining room, leaving the appellant alone with the decedent, who remained seated on the examining table. The decedent apparently suffered another seizure at this time, as a result of which he fell from the table to the floor, severely injuring his spinal column. He was rendered a quadriplegic by this injury and died some eight months later, after undergoing several surgical procedures and being confined to a nursing home.

The appellant alleged in her complaint that Dr. Durden's assistant had acted negligently in placing her husband on the examining table and "fail[ing] to provide assistance, remain with him, or take other precautions in order to prevent his injury" and that Dr. Durden was vicariously liable for the acts of his employee. She further alleged that "no health, medical, dental, or surgical service, diagnosis, prescription, treatment or care was being rendered" to the decedent at the time the injury occurred. *Held*:

The appellant contends that the trial court erred in concluding that her claim was predicated solely on medical malpractice and in therefore granting summary judgment to the appellees due to her failure to submit an expert's affidavit with her complaint in accordance with OCGA § 9-11-9.1. We agree that this ruling was erroneous. " 'The requirement that expert testimony be adduced in a medical malpractice case is premised upon the existence in such a case of "medical questions" which control its resolution. [Cits.] " 'Medical questions' " may be defined as those "concerning highly specialized expert knowledge with respect to which a layman can have no knowledge at all, and the court and the jury must be dependent on expert evidence." [Cit.]' " *General Hosps. of Humana v. Bentley*, 184 Ga. App. 489, 490-91 (361 SE2d 718) (1987). "[N]ot every suit which calls into question the conduct of one who happens to be a medical professional is a 'medical malpractice' action." *Candler Gen. Hosp. v. McNorrill*, 182 Ga. App. 107, 110 (354 SE2d 872) (1987). See also *Self v. Exec. Committee of Ga. Baptist &c.*, 245 Ga. 548 (266 SE2d 168) (1980).

In *Candler Gen. Hosp. v. McNorrill*, supra, we held that no affidavit was necessary where the complaint alleged that a hospital orderly, in carrying out a physician's orders to place an immobilizer on

a patient's knee preparatory to discharging him from the emergency room, had dropped and injured the patient while attempting to remove him from a stretcher, "[s]ince the decision to undertake the physical act of moving [the patient] did not involve any medical questions or the exercise of any professional medical judgment. . . ." Id. 182 Ga. App. at 110-111. Accord *Self v. Exec. Committee of Ga. Baptist &c.*, supra; *Piedmont Hosp. v. Milton*, 189 Ga. App. 563 (377 SE2d 198) (1988); *Donson Nursing Facilities v. Dixon*, 176 Ga. App. 700 (337 SE2d 351) (1985). Compare *Chafin v. Wesley Homes*. 186 Ga. App. 403 (1) (367 SE2d 236) (1988) (medical evidence held necessary where improper use of a catheter and wrongful administration of drugs were alleged); *General Hosps. of Humana v. Bentley*, supra (where post-operative medical condition of the patient was held to be decisive factor in determining degree of supervision necessary). In the present case, the appellees' alleged liability does not turn on a "medical question," and a jury would be capable of determining without the help of expert evidence whether Dr. Durden's medical assistant exercised due care in leaving the decedent unattended and unrestrained on the examining table after he had been brought to the office suffering from dizziness and nausea following an apparent seizure. We accordingly hold that the trial court erred in granting the appellees' motion for summary judgment.

*Judgment reversed. Cooper, J. concurs. Birdsong, J., concurs in judgment only.*

DECIDED MARCH 13, 1990 —
REHEARING DENIED APRIL 10, 1990.

*Lonzy F. Edwards, Brenda C. Youmas*, for appellant.
*Martin, Snow, Grant & Napier, John C. Edwards*, for appellees.