A90A0762. BULLOCH COUNTY HOSPITAL AUTHORITY v. PARKER.
(396 SE2d 37)

McMurray, Presiding Judge.
Plaintiff Parker was a patient recovering from surgery at a hospital operated by defendant Bulloch County Hospital Authority when she fell while taking a shower and was injured. The complaint alleges that plaintiff was assisted into the shower after advising defendant's employee that she was dizzy, and that said employee left plaintiff alone in the shower, at which time plaintiff fell. When deposed, plaintiff testified that she had not become dizzy until after she was in the

shower and had not told defendant's employee that she did not feel like getting a shower. After she was left alone in the shower, plaintiff became dizzy, "got a blindness," and fell. Plaintiff testified that she did not slip, that the dizziness was the sole reason for her fall.

Defendant's motion for summary judgment was partially granted to the extent that plaintiff's claim was predicated on a theory of malpractice. Insofar as plaintiff's action asserted a claim for personal injuries sustained by an invitee upon the owner's premises, the defendant's motion for summary judgment was denied. We granted defendant's application for interlocutory review of the partial denial of its motion for summary judgment. *Held*:

Plaintiff's complaint states a claim for malpractice, but cannot be reasonably viewed as raising any claim based on the condition of the premises. Defendant having prevailed on the sole claim raised by plaintiff's complaint is entitled to summary judgment. *Yorgin v. Adler*, 193 Ga. App. 24 (387 SE2d 14).

Even if plaintiff had raised a claim based on the condition of the premises, defendant would still be entitled to summary judgment as the uncontroverted testimony of the plaintiff shows that her dizziness was the sole cause of her fall. This evidence negates any supposition that a defect of the premises contributed to plaintiff's injury. "Before any negligence, even if proven, can be actionable, that negligence must be the proximate cause of the injuries sued upon. *St. Paul Fire &c. Ins. Co. v. Davidson*, 148 Ga. App. 82, 83, 84 (251 SE2d 32) (1978)." *Whitt v. Walker County*, 176 Ga. App. 643, 645, 646 (337 SE2d 425).

Nor is this a simple negligence case. Expert testimony would be required to establish whether permitting the plaintiff to shower without continuous assistance was negligence. *Chafin v. Wesley Homes*, 186 Ga. App. 403 (1) (367 SE2d 236). Compare *Self v. Executive Committee &c. of Ga.*, 245 Ga. 548 (266 SE2d 168) and *Piedmont Hosp. v. Milton*, 189 Ga. App. 563, 564 (377 SE2d 198).

*Judgment reversed. Carley, C. J., and Sognier, J., concur.*

DECIDED JULY 2, 1990 —
REHEARING DENIED JULY 16, 1990.

*Newton, Smith, Durden & Kaufold, Wilson R. Smith*, for appellant.

*Grady K. Reddick, Evelyn S. Hubbard*, for appellee.