A90A1792. FLOWERS v. MEMORIAL MEDICAL CENTER, INC.
(402 SE2d 541)

McMURRAY, Presiding Judge.

Plaintiff, Van Flowers, the surviving spouse of Julia Flowers, brought suit against Memorial Medical Center, Inc. The material allegations of the complaint read as follows: "1. The Defendant is a corporation . . . and is subject to the jurisdiction of this Court. 2. On or about February 8, 1988, Julia Flowers, the deceased, was a patient at the Defendant's hospital. 3. While the deceased was being examined, she tried to stand, and the nurses assigned to her care were unable to hold her up. 4. As a result, the deceased, Julia Flowers, fell and broke her hip. 5. As a result of said negligence of Defendant's employees, the deceased suffered substantial pain and suffering." The complaint was filed without an accompanying expert's affidavit.

Defendant moved to dismiss the complaint because plaintiff failed to attach an expert's affidavit pursuant to OCGA § 9-11-9.1. The trial court granted defendant's motion and plaintiff appeals. *Held*:

"[T]he purpose of OCGA § 9-11-9.1 is to prevent 'frivolous or unsuitable actions,' i.e., professional malpractice actions in which the plaintiff cannot prove by expert opinion that a professional standard or practice has been violated. But where . . . the plaintiff can prove negligence or breach without proof of a customary procedure and violation of it, the case is not a professional malpractice case and OCGA § 9-11-9.1 does not apply to require an 'expert's affidavit.' It is not the intent of OCGA § 9-11-9.1 to cause dismissal of a complaint alleging negligence or breach of a duty merely because the defendant asserts he is a 'professional.' " *Razete v. Preferred Research*, 197 Ga. App. 69, 70 (397 SE2d 489).

In the case sub judice, the complaint can be construed as setting forth a professional malpractice case; but it can also be construed as setting forth a simple negligence case. See *Kneip v. Southern Engineering Co.*, 260 Ga. 409, 410 (3) (395 SE2d 809) wherein the Supreme Court recognized that "there are instances in which actions performed by or under the supervision of a professional are nevertheless not professional acts constituting professional malpractice, but, rather, are acts of simple negligence which would not require proof by expert evidence." See also *Candler Gen. Hosp. v. McNorrill*, 182 Ga. App. 107, 110 (354 SE2d 872), in which a nurse's decision to move a patient from a stretcher or casting table to a wheelchair was deemed "an act of relative physical strength and dexterity rather than an act requiring the exercise of expert medical judgment." To the extent the complaint can be construed as setting forth a simple negligence case, the trial court erred in granting defendant's motion to dismiss. See *Kneip v. Southern Engineering Co.*, 260 Ga. 409, 410 (3), supra.

*Judgment reversed. Sognier, C. J., and Carley, J., concur.*

DECIDED FEBRUARY 21, 1991.

*Grady K. Reddick*, for appellant.

*Hunter, MacLean, Exley & Dunn, Kirby C. Gould, Lee C. Mundell*, for appellee.