### A97A1840. BAILEY v. JOYNER.
(495 SE2d 45)

Judge Harold R. Banke.

Marcia B. Joyner sued third-party defendant Grover C. Bailey, alleging negligence. In his sole enumeration of error, Bailey appeals the trial court's denial of his motion to dismiss.

This case arose during a real estate closing. Joyner, the buyer, noticed that all the closing documents incorrectly named Robert Estep as the purchaser. Both Joyner and Estep so informed Bailey, a real estate attorney who represented American General Finance, Inc., the lender. Bailey undertook to correct the error on most of the documents and allegedly promised to correct the deed. Bailey then asked Citicorp Mortgage, Inc. ("Citicorp"), the seller, to draft a new warranty deed and forward it to him. When Citicorp drafted the new warranty deed, it did not remove Estep's name. Bailey or his agents failed to notice the error and filed the deed with the clerk of court. This act purportedly clouded Joyner's title to the property and caused her to be named in two lawsuits.

Bailey moved to dismiss Joyner's complaint on the ground that she failed to comply with OCGA § 9-11-9.1's affidavit requirement. The trial court denied the motion, finding that the complaint contained no allegations of professional negligence which would require an expert affidavit. Bailey then filed this interlocutory appeal. *Held*:

The trial court properly denied the motion to dismiss. Not all complaints alleging wrongful acts committed by professionals must be accompanied by an expert's affidavit in compliance with OCGA § 9-11-9.1. *Howard v. City of Columbus*, 219 Ga. App. 569, 572 (2) (466 SE2d 51) (1995). " 'It is not the intent of OCGA § 9-11-9.1 to cause dismissal of a complaint alleging negligence or breach of a duty merely because the defendant asserts he is a "professional." ' [Cit.]" *Flowers v. Memorial Med. Center*, 198 Ga. App. 651, 652 (402 SE2d 541) (1991). "[T]here are instances in which actions performed by or under the supervision of a professional are nevertheless not professional acts constituting professional malpractice, but, rather, are acts of simple negligence which would not require proof by expert evidence." *Kneip v. Southern Engineering Co.*, 260 Ga. 409, 410 (3) (395 SE2d 809) (1990). The breach of a duty requiring ordinary care, albeit in a legal context, is not legal malpractice triggering OCGA § 9-11-9.1. See *HCA Health Svcs. &c. v. Hampshire*, 206 Ga. App. 108, 113 (4) (c) (424 SE2d 293) (1992).

The gravamen of Joyner's claim is that "Bailey, acting through his employees and agents, negligently presented the erroneous deed to the Clerk of Court, Putnam County, for filing in the official property records." Nothing in these allegations requires expert proof to establish negligence. *Kneip*, 260 Ga. at 410 (3). Nor do the allegations raise an implication that the act required professional legal judgment or that only a person with professional legal training was authorized to undertake it. *Candler Gen. Hosp. v. McNorrill*, 182 Ga. App. 107, 110 (2) (354 SE2d 872) (1987). The decisive factor in the injury underlying this litigation was not a legal misjudgment, but an apparent failure to make sure that Citicorp corrected the name on the deed as it had promised. Id. Because the complaint "may be construed to state a cause of action for simple negligence, i.e. negligence that can be determined without the resort to expert testimony," we decline to reverse. *Piedmont Hosp. v. Milton*, 189 Ga. App. 563, 564 (377 SE2d 198) (1988); see *Jones v. Bates*, 261 Ga. 240, 242 (2) (403 SE2d 804) (1991).

*Judgment affirmed. Ruffin and Eldridge, JJ., concur.*

DECIDED NOVEMBER 19, 1997 —
RECONSIDERATION DENIED DECEMBER 15, 1997.

*Hawkins & Parnell, Thomas F. Wamsley, Jr., Christine L. Mast, H. Lane Young II*, for appellant.

*Lawrence, Ford & Ridgway, Francis N. Ford*, for appellee.