A02A0237. POMERANTZ v. ATLANTA DERMATOLOGY & SURGERY, P.A.
(566 SE2d 425)

POPE, Presiding Judge.

A plaintiff is required to file an expert affidavit with a complaint under OCGA § 9-11-9.1 for a claim of professional negligence but not for a claim of ordinary negligence. *Holloway v. Northside Hosp.*, 230 Ga. App. 371-372 (496 SE2d 510) (1998). In this case, David Pomerantz argues that the trial court improperly determined that his suit against Atlanta Dermatology & Surgery, P.A., was a claim for professional negligence and, accordingly, dismissed the suit.

Pomerantz alleged that during a procedure to have stitches removed following an earlier mole biopsy, "Defendant's employees seated Plaintiff upright on an examining table. Plaintiff lost consciousness and was allowed by Defendant's employees to fall to the floor." These are the only relevant factual allegations in the complaint. There is no allegation that it was apparent that Pomerantz might lose consciousness or that he warned anyone that he might.

In response to a motion by Atlanta Dermatology, the trial court dismissed the case on the ground that Pomerantz failed to file an expert affidavit in compliance with OCGA § 9-11-9.1. The court found "that the removal of stitches involved special expertise, and that the decision to have the patient sit upright on the examining table

instead of having him lie down or otherwise restrained during this procedure involved professional judgment."

In cases involving a person's fall while in the care of medical professionals, it can be difficult to distinguish professional negligence from ordinary negligence. Compare *Holloway*, 230 Ga. App. at 372, with *Brown v. Durden*, 195 Ga. App. 340 (393 SE2d 450) (1990). This distinction is a question of law for the court. *Drawdy v. Dept. of Transp.*, 228 Ga. App. 338, 339 (491 SE2d 521) (1997).

In this case, Pomerantz's sole allegation of negligence addresses "the decision as to whether or not to support an upright patient who is having stitches removed and to prevent him from falling." Without any indication that Pomerantz was going to lose consciousness or any warning by Pomerantz, the only possible negligence was the decision to seat Pomerantz on the table during the procedure. Such a decision is a matter of professional judgment because a lay person is not expected to know when such a procedure could cause a patient to lose consciousness. Cf. *Strickland v. Hosp. Auth. of Albany &c.*, 241 Ga. App. 1, 3 (525 SE2d 724) (1999).

Pomerantz also argues that the person who removed his stitches may not have been a licensed health care professional and that therefore OCGA § 9-11-9.1 is not applicable. There is no allegation in the complaint regarding whether the person or persons who removed his stitches were licensed professionals. But, as we have held, the alleged negligent decision was a matter of professional judgment. Therefore, the complaint can be construed to allege that a professional either made the wrong decision or failed to direct nonprofessional members of the staff on how to handle Pomerantz. Furthermore, Pomerantz did not bring this issue to the attention of the trial court. Therefore we find no error.

*Judgment affirmed. Ruffin and Barnes, JJ., concur.*

DECIDED JUNE 10, 2002.

*Harry Rand*, for appellant.
*Carlock, Copeland, Semler & Stair, Dennis G. Lovell, Jr., Ashley E. Taylor*, for appellee.