A03A2017. SHIRLEY et al. v. HOSPITAL AUTHORITY OF VALDOSTA/LOWNDES COUNTY.
(587 SE2d 873)

JOHNSON, Presiding Judge.

Kenneth Shirley and his wife, Mary Shirley, appeal the trial court's order granting the hospital's motions to dismiss their complaint and amended complaint based on the Shirleys' failure to file an expert affidavit with their original complaint. We find no error and affirm the trial court's order.

The record shows that on August 5, 1999, Kenneth Shirley was admitted to the Hospital Authority of Valdosta/Lowndes County d/b/a South Georgia Medical Center for surgery on his left leg. On July 6, 2001, Shirley and his wife sued the hospital, alleging that the hospital, through its agents and employees, caused injury to Kenneth Shirley as a result of simple and ordinary negligence. The complaint specifically states that employees or agents of the hospital, contrary to any orders, rules, policies, or procedures of the hospital, applied a solution to Kenneth Shirley's penis and testicles which caused Kenneth Shirley severe pain and suffering. His wife alleges a loss of consortium.

The hospital filed a motion to dismiss based on the Shirleys' failure to file an expert affidavit pursuant to OCGA § 9-11-9.1. Before any ruling by the trial court on the motion to dismiss, the Shirleys filed an amendment to the complaint which added a count for professional malpractice and included an expert affidavit supporting the new count. This amendment was filed on November 14, 2002. The

---

[4] *Gooch v. State*, 155 Ga. App. 708, 709 (1) (272 SE2d 572) (1980).
[5] *Peeples v. State*, 234 Ga. App. 454, 458 (5) (507 SE2d 197) (1998).

hospital filed a motion to dismiss the amended complaint on the ground that any claim for professional malpractice was barred by the applicable statute of limitation. The trial court granted the hospital's motions to dismiss, and the Shirleys appeal.

1. The Shirleys contend that the trial court erred in treating their original claim as a professional malpractice action rather than an ordinary negligence action and in granting the hospital's motion to dismiss due to the Shirleys' failure to submit an expert affidavit with their complaint in accordance with OCGA § 9-11-9.1. According to the Shirleys, the original complaint merely alleged that hospital employees failed to follow the orders, rules, policies, or procedures of the hospital — actions which merely constitute simple negligence. The complaint did not allege that hospital employees made an improper judgment in deciding what medication to apply, where to apply it, or how long to apply it.

The Shirleys correctly point out that not every suit which calls into question the conduct of one who happens to be a medical professional is a medical malpractice action.[1] However, in the present case the trial court correctly determined that the Shirleys' original complaint required an expert affidavit because the Shirleys' allegations are based on professional malpractice rather than simple or ordinary negligence.

To decide whether an expert affidavit is required for a particular case, the court must determine whether the case involves a "medical question."[2] If the issue of negligence involved is a medical question, OCGA § 9-11-9.1 applies, and the plaintiff is required to attach an expert affidavit to his complaint.[3] "Medical questions" have been defined as those "concerning highly specialized expert knowledge with respect to which a layman can have no knowledge at all, and the court and jury must be dependent on expert evidence."[4] Examples of medical questions include cases where the plaintiff alleges the use of inappropriate medication,[5] wrongful administration of medication,[6] or failure to properly assess the degree of support required by a patient.[7]

Here, although the Shirleys identified their original complaint as an action resulting from "simple and ordinary negligence," they

---

[1] See *Candler Gen. Hosp. v. McNorrill*, 182 Ga. App. 107, 110 (2) (354 SE2d 872) (1987).

[2] See generally *Brown v. Durden*, 195 Ga. App. 340, 341 (393 SE2d 450) (1990) (physical precedent only).

[3] See id.

[4] (Citations and punctuation omitted.) *Gen. Hosps. of Humana v. Bentley*, 184 Ga. App. 489, 490-491 (361 SE2d 718) (1987).

[5] See *Edwards v. Vanstrom*, 206 Ga. App. 21, 22-23 (2) (424 SE2d 326) (1992).

[6] See *Chafin v. Wesley Homes*, 186 Ga. App. 403 (1) (367 SE2d 236) (1988).

[7] See *Holloway v. Northside Hosp.*, 230 Ga. App. 371 (496 SE2d 510) (1998).

are clearly claiming professional malpractice. The question presented is whether the hospital and its employees deviated from the applicable standard of care when a nurse "applied a solution on the penis and testicles of Plaintiff which caused Plaintiff severe and excruciating pain and suffering." A jury would be incapable of determining without the help of expert testimony whether the hospital's employees exercised due care and correctly administered the surgical solution for medicating and/or cleaning Kenneth Shirley's groin area. Contrary to the Shirleys' argument, this is not a case involving merely administrative actions by the employees, such as simply moving the patient[8] or leaving the patient unsupervised and unrestrained.[9]

Since the instant case involves the questioning of expert medical and/or nursing judgments, the trial court did not err in treating it as a professional malpractice case and applying the appropriate rule requiring the filing of an expert affidavit with the complaint. We find no error in the trial court's decision to dismiss the original complaint.

2. The Shirleys contend that the trial court erred in granting the hospital's motion to dismiss the Shirleys' amended complaint alleging professional malpractice. According to the Shirleys, their amended complaint relates back to the original filing of the complaint and should not have been dismissed based upon the statute of limitation. The Shirleys argue that this case does not involve a renewal action, but, rather, an amendment adding an additional count for professional malpractice once it was discovered in discovery that a witness may testify that she had the power to decide what medication to apply and where, contrary to the standard policy of the hospital which requires its employees to follow the instructions of the doctor. Thus, the court should hold that the amendment to the complaint relates back to the filing of the original complaint pursuant to OCGA § 9-11-15. We find the trial court did not err in dismissing the Shirleys' amended complaint.

OCGA § 9-3-71 (a) provides that an action for medical malpractice must be brought within two years after the date of injury. The Shirleys' amended complaint was undisputedly filed outside the applicable two-year statute of limitation. The Shirleys attempt to avoid the statute by arguing that their amended complaint relates back to the filing date of their original complaint. However, we have found that the failure to attach an expert affidavit to the original complaint renders that action invalid. Thus that action cannot serve as a basis to avoid the applicable period of limitation.[10]

---

[8] Compare *Candler Gen. Hosp.*, supra at 110-111.
[9] Compare *Brown*, supra.
[10] See *Griffin v. Carson*, 255 Ga. App. 373, 374 (3) (566 SE2d 36) (2002).

While this Court is mindful that the provisions of OCGA § 9-11-9.1, which govern the filing requirements for professional malpractice claims, are procedural and should be liberally construed, the statute does not allow the Shirleys to extend the statute of limitation for a professional malpractice claim. Likewise, it does not allow the Shirleys to extend the time period for filing an expert affidavit such as they are attempting to do in this case.

In fact, the statute is quite specific in this scenario. OCGA § 9-11-9.1 (e) provides that when a plaintiff does not file an affidavit, and the defendant, as in this case, raises such failure as a defense pursuant to the Code section, the plaintiff's complaint is not subject to the renewal provisions of OCGA § 9-2-61 after the expiration of the applicable period of limitation except under very limited circumstances not at issue in this case. It logically follows that if the renewal provisions of OCGA § 9-2-61 do not allow the Shirleys to extend the applicable statute of limitation, the Shirleys should not be allowed to extend the statute of limitation by amendment pursuant to OCGA § 9-11-15. Accepting the Shirleys' argument that they may amend a complaint for simple negligence to add a complaint for professional malpractice, after the expiration of the two-year statute of limitation, would render the two-year statute of limitation established in OCGA § 9-3-71 (a) meaningless. The trial court did not err in dismissing the Shirleys' amended complaint.

*Judgment affirmed. Eldridge and Mikell, JJ., concur.*

DECIDED SEPTEMBER 25, 2003 — 

*Berrien L. Sutton, Bryant H. Bower, Jr.,* for appellants.
*Young, Thagard, Hoffman, Scott & Smith, James B. Thagard, John H. Smith, Jr.,* for appellee.