635 S.E.2d 184 (2006)
BROWN
v.
TIFT COUNTY HOSPITAL AUTHORITY et al.
No. A06A0609.
Court of Appeals of Georgia.
July 13, 2006.
Reconsideration denied July 31, 2006.
Robert Beauchamp, Beauchamp & Associates, Albany, for Gussie Brown.
Robert Wilmot, Reinhardt, Whitley, Wilmot, Summerlin & Pittman, PC, Tifton, Buckley King, Robert White, Diem Kaelber, Atlanta, for Tift County Hospital Authority.
*185 BERNES, Judge.
Appellant Gussie Brown brought the present action against appellee Ansley Tillman[1] seeking to recover damages for injuries that she allegedly sustained after falling in the hospital shower while under Tillman's care. Brown appeals from the trial court's grant of summary judgment to Tillman based upon her failure to attach an expert affidavit pursuant to OCGA § 9-11-9.1. We affirm to the extent that Brown's complaint can be construed as alleging claims of professional malpractice. However, as explained below, we reverse to the extent that Brown's complaint can be construed as asserting a claim for ordinary negligence.
We note at the outset that a failure to comply with the pleading requirements of OCGA § 9-11-9.1 would not authorize the grant of summary judgment. However, we will address the merits of this appeal as if the trial court had dismissed [Brown's] complaint rather than granted summary judgment in [Tillman's] favor.
(Citations and punctuation omitted; emphasis in original.) Hodo v. Gen. Hospitals of Humana, 211 Ga.App. 6, 8(2), 438 S.E.2d 378 (1993).
*186 Taking as true the allegations in her complaint,[2] Brown was admitted into Tift Regional Medical Center on February 19, 2003 after having suffered a stroke. Brown's risk of falling was well-documented in her hospital records, and a sign on her door warned that she was prone to fall. Her medical records also indicated that she needed maximum assistance when bathing and significant assistance when being moved.
On February 25, 2003, Tillman, a licensed occupational therapist, approached Brown and instructed her to bathe. Over Brown's objection, Tillman assisted her out of her bed into a wheelchair and then into a shower chair in an adjoining bathroom. Brown alleges that Tillman instructed her to stand in the shower while her lower body was bathed. While she was standing, Brown asserts that she twice told Tillman that she was slipping and needed help, but alleges that rather than assist her, Tillman left the bathroom in order to retrieve her bathrobe. While Brown was left unattended, she fell and broke her leg.
The trial court dismissed Brown's complaint because she failed to contemporaneously file an expert affidavit pursuant to OCGA § 9-11-9.1. Brown argues on appeal that the trial court erred because her complaint can be construed as asserting claims of ordinary, not professional, negligence against Tillman. We agree.
Allegations of the complaint are construed most favorably to [Brown], even though other unfavorable constructions are possible.... So taken, the allegations do not disclose with certainty that [Brown] would not be entitled to relief under a theory of simple negligence or that [Brown] could not possibly introduce evidence to support such a claim.
Peterson, 243 Ga.App. at 755(2), 533 S.E.2d 749.
OCGA § 9-11-9.1 mandates that any action alleging professional malpractice be accompanied by an expert affidavit setting forth "at least one negligent act or omission claimed to exist and the factual basis for each such claim." OCGA § 9-11-9.1(a). In a claim for medical malpractice, the affidavit requirement applies to issues of negligence involving medical questions. Shirley v. Hosp. Auth. of Valdosta/Lowndes County, 263 Ga.App. 408, 409(1), 587 S.E.2d 873 (2003). "`Medical questions' have been defined as those concerning highly specialized expert knowledge with respect to which a layman can have no knowledge at all, and the court and jury must be dependent on expert evidence." (Punctuation and footnote omitted.) Id.
Simply because an alleged injury occurs in a hospital setting, a suit to recover for that injury is not necessarily a "medical malpractice" action. Likewise, not every suit which calls into question the conduct of one who happens to be a medical professional is a "medical malpractice" action.... [W]e must look to the substance of an action against a medical professional ... in determining whether the action is one for professional or simple negligence.
(Citation and punctuation omitted.) Moore v. Louis Smith Mem. Hosp., 216 Ga.App. 299, 299-300, 454 S.E.2d 190 (1995).
Admittedly, "[i]n cases involving a person's fall while in the care of medical professionals, it can be difficult to distinguish professional negligence from ordinary negligence. This distinction is a question of law for the court." (Citations omitted.) Pomerantz v. Atlanta Dermatology & Surgery, P.A., 255 Ga.App. 698, 699, 566 S.E.2d 425 (2002). Compare Bardo v. Liss, 273 Ga.App. 103, 103-104(1), 614 S.E.2d 101 (2005); Holloway v. Northside Hosp., 230 Ga.App. 371, 372, 496 S.E.2d 510 (1998); and Bulloch County Hosp. Auth. v. Parker, 196 Ga.App. 438, 439, 396 S.E.2d 37 (1990), with Flowers v. Mem. Med. Center, 198 Ga.App. 651, 652, 402 S.E.2d 541 (1991); Brown v. Durden, 195 Ga.App. 340, 342, 393 S.E.2d 450 (1990) (physical precedent only); and Hillhaven Rehabilitation, etc. v. Patterson, 195 Ga.App. 70, 71(2), 392 S.E.2d 557 (1990).
In resolving this issue, in many cases we have focused on the specific information *187 known to the defendant about the victim's condition and about the surrounding circumstances immediately prior to the victim's fall. Compare Pomerantz, 255 Ga.App. at 699, 566 S.E.2d 425 (dismissal appropriate for failing to file expert affidavit in case where plaintiff fell off examination table, when defendant's employees were "[w]ithout any indication that [plaintiff] was going to lose consciousness or any warning by [plaintiff]" that he was about to do so); Bulloch County Hosp. Auth., 196 Ga.App. at 438-439, 396 S.E.2d 37 (dismissal appropriate when plaintiff who fell in the shower "had not become dizzy until after she was in the shower and had not told defendant's employees that she did not feel like getting a shower"); with Brown, 195 Ga.App. at 342, 393 S.E.2d 450 (no expert affidavit required when defendant left high risk patient unattended on examination table even though defendant knew that patient was dizzy and nauseous from an apparent seizure). Based on this case law, it is clear that if the specific information known to the defendant was such that a jury could determine without the help of expert testimony whether the defendant exercised due care in failing to prevent the patient's fall, the claim sounds in ordinary negligence and no expert affidavit is required. See id. See also Donson Nursing Facilities v. Dixon, 176 Ga.App. 700, 701(1), 337 S.E.2d 351 (1985) ("As there was evidence of the nursing home's knowledge of decedent's propensity to set fires while smoking and of the failure of the nursing home to exercise any supervision of decedent in regard to smoking, expert opinion testimony was not required in order for plaintiff to prevail at trial."). Compare Gen. Hospitals of Humana v. Bentley, 184 Ga.App. 489, 491, 361 S.E.2d 718 (1987) (expert testimony required to determine whether hospital staff acted negligently in failing to supervise patient while bathing, when plaintiff failed to establish that patient had severe medical condition of which staff was previously aware that created duty to supervise).
Here, Brown alleges that Tillman exited the bathroom and left her standing unsupported and unattended in the shower, even though Brown twice told Tillman that she was slipping and needed help; Brown's risk of falling was well documented in her hospital records and in a sign on her door warning that she was prone to fall; Brown's medical records indicated that she required maximum assistance when bathing and significant assistance when being moved; and Brown had objected to being bathed. "[T]here are instances in which actions performed by ... a professional are nevertheless not professional acts constituting professional malpractice, but, rather, are acts of simple negligence which would not require proof by expert evidence." (Citation and punctuation omitted.) Flowers, 198 Ga.App. at 652, 402 S.E.2d 541. If Brown's allegations are accepted as true (as they must be in evaluating the need for an expert affidavit), this case clearly is such an instance.[3] See Brown, 195 Ga.App. at 342, 393 S.E.2d 450; Hillhaven Rehabilitation, etc., 195 Ga.App. at 71(2), 392 S.E.2d 557 (failure to assist patient in getting in and out of bed in weakened condition, if true, constituted ordinary negligence). See also Dent v. Mem. Hosp. of Adel, 270 Ga. 316, 318, 509 S.E.2d 908 (1998) (failure to follow previously issued orders for patient constituted ordinary negligence).
For the foregoing reasons, we reverse the grant of summary judgment in favor of Tillman, insofar as Brown's complaint can be construed as setting forth ordinary negligence as a basis for recovery. Brown is entitled to pursue her ordinary negligence claim without an expert affidavit.
Judgment affirmed in part and reversed in part.
JOHNSON, P.J., BARNES, MILLER and ELLINGTON, JJ., concur.
ANDREWS, P.J., and BLACKBURN, P.J., concur in part and dissent in part.
*188 ANDREWS, Presiding Judge, concurring in part and dissenting in part.
Although I agree with the majority that the trial court correctly dismissed Brown's complaint to the extent that her claim can be construed to allege claims of professional malpractice against Tillman, I must respectfully dissent to that portion of the majority opinion which reverses the trial court's decision to the extent that the complaint can be construed to assert a claim for ordinary negligence because I believe only professional negligence can be said to be involved here.
Although complaints against professionals may state claims based on ordinary as well as professional negligence, the complaint's characterization of claims as stating professional or ordinary negligence does not control. Shirley v. Hosp. Auth. of Valdosta/Lowndes County, 263 Ga.App. 408, 409-410, 587 S.E.2d 873 (2003). Where the professional's alleged negligence requires the exercise of professional skill and judgment to comply with a standard of conduct within the professional's area of expertise, the action states professional negligence. Holloway v. Northside Hosp., 230 Ga.App. 371-372, 496 S.E.2d 510 (1998). Whether a complaint alleges ordinary or professional negligence is a question of law for the court, and I believe the trial court correctly determined that the allegations against Tillman were for professional malpractice in leaving Brown alone in the shower while conducting her evaluation. Crisp Regional Nursing, etc. v. Johnson, 258 Ga.App. 540, 542, 574 S.E.2d 650 (2002).
As repeatedly noted by this Court, the degree of physical assistance needed by a patient to prevent a fall in light of the patient's medical condition requires the exercise of expert professional judgment. E.g., Bardo v. Liss, 273 Ga.App. 103, 105(1), 614 S.E.2d 101 (2005); Holloway, supra at 372, 496 S.E.2d 510.
As part of Brown's ongoing medical evaluation and treatment, Tillman was to perform the Activities of Daily Living Assessment, which can only be conducted by a licensed occupational therapist. The purpose of such an assessment was to determine whether, over six days after suffering a stroke, Brown was able to perform daily living activities, including bathing. Tillman was assisting Brown in bathing solely because an evaluation of Brown's ability to bathe was within Tillman's area of expertise as a professional occupational therapist. It is difficult to comprehend how a jury could go about evaluating Tillman's actions without knowing the applicable professional standard of care to be used by an occupational therapist making such an evaluation. Such knowledge would necessarily require the help of expert testimony and, therefore, Brown was required to file the affidavit required by OCGA § 9-11-9.1 with her complaint.
This is not a mere failure by a nonprofessional staff member to carry out "[a]dministrative, clerical, or routine acts demanding no special expertise[, which] fall in the realm of simple negligence." Upson County Hosp. v. Head, 246 Ga.App. 386, 389(1), 540 S.E.2d 626 (2000). See also Brown v. Tift Health Care, 279 Ga.App. 164, 167, 630 S.E.2d 788 (2006).
Therefore, I must respectfully dissent to this portion of the majority opinion.
I am authorized to state that Presiding Judge Blackburn joins in this opinion.
NOTES
[1] The trial court granted the Tift County Hospital Authority ("TCHA") summary judgment on the grounds that TCHA could not be liable for the acts of Tillman because she was neither an employee nor a borrowed servant of TCHA. Brown has not appealed the trial court's ruling in this regard.
[2] Peterson v. Columbus Med. Center Foundation, 243 Ga.App. 749, 755(2), 533 S.E.2d 749 (2000).
[3] In concluding that Tillman's actions involved the exercise of professional medical judgment, the dissent relies upon Tillman's allegation that she was performing an "Activities of Daily Living Assessment" at the time of the fall. But, that allegation is found in Tillman's affidavit, not Brown's complaint. In determining whether Brown was required to file an expert affidavit, we must look only to the allegations in the complaint construed most favorably to Brown, even if other less favorable constructions are possible. See Peterson, 243 Ga.App. at 755(2), 533 S.E.2d 749.