A07A1503. HEALTH MANAGEMENT ASSOCIATES, INC.
v. BAZEMORE.
(648 SE2d 749)

ANDREWS, Presiding Judge.

Betty L. Bazemore sued Health Management Associates, Inc. d/b/a East Georgia Regional Medical Center (the Medical Center) for injuries she allegedly sustained when she fell while she was a patient at the Medical Center. Along with its initial responsive pleading denying liability, the Medical Center filed a motion to dismiss the complaint on the basis that it sought to impose vicarious liability on the Medical Center for the professional negligence of a Medical Center employee, and that Bazemore failed to file an expert affidavit with the complaint as required by OCGA § 9-11-9.1. Pursuant to our grant of an interlocutory appeal, the Medical Center appeals from the trial court's denial of the motion. For the following reasons, we affirm in part and reverse in part.

When a complaint seeks damages against a licensed health care facility[1] based on a claim that the facility is vicariously liable for the professional malpractice of a health care professional licensed by the State of Georgia and listed in OCGA § 9-11-9.1 (d), the plaintiff is required to file an expert affidavit with the complaint in accordance with the requirements of OCGA § 9-11-9.1 (a). The failure to file the required affidavit subjects the complaint to dismissal. *MCG Health v. Casey*, 269 Ga. App. 125, 127 (603 SE2d 438) (2004). "[Thus, a] § 9-11-9.1 affidavit is required when the issue is a defendant's compliance with a professional standard of conduct, but when professional judgment and skill are not involved, a § 9-11-9.1 affidavit is not required." (Citations omitted.) *Holloway v. Northside Hosp.*, 230 Ga. App. 371 (496 SE2d 510) (1998). Bazemore did not file an expert affidavit with her complaint in accordance with OCGA § 9-11-9.1, and she claims that, because her complaint alleged ordinary rather than professional negligence, no affidavit was required.

Bazemore's complaint alleged that, while she was a patient at the Medical Center, she fell when "an employee" of the Medical Center "negligently failed to give adequate assistance and supervision to [her] while taking her to the restroom. . . ." In an amendment to the complaint filed after the Medical Center filed its motion to dismiss, Bazemore alleged that "[t]he [Medical Center] employee failed to exercise ordinary care in assisting [her] in that the employee intentionally shut the restroom door and intentionally left [her] without assistance." The complaint also alleged that Bazemore's injuries were "the result of the negligence of the [Medical Center], acting through its agents, servants and employees. . . ." The complaint did not identify Bazemore's medical condition prior to the fall, did not identify the Medical Center employee who took Bazemore to the restroom, and did not state whether or not the employee was a health care professional licensed by the State of Georgia and listed in OCGA § 9-11-9.1 (d). Moreover, the allegation in the complaint that the injuries resulted from the negligence of Medical Center "agents, servants and employees" left unclear whether Bazemore claimed that her injuries were proximately caused by more than one Medical Center employee.

Although complaints against professionals may state claims based on ordinary as well as professional negligence, the complaint's characterization of claims as stating professional or ordinary negligence does not control. *Shirley v. Hosp. Auth. of Valdosta/Lowndes County*, 263 Ga. App. 408,

---

[1] The parties do not dispute that the Medical Center is a licensed health care facility.

409-410 (587 SE2d 873) (2003). Where the professional's alleged negligence requires the exercise of professional skill and judgment to comply with a standard of conduct within the professional's area of expertise, the action states professional negligence. *Holloway*[, 230 Ga. App. at 372]. But where the allegations of negligence do not involve professional skill and judgment, the action states ordinary negligence. *MCG Health*[, 269 Ga. App. at 128]. Whether a complaint alleges ordinary or professional negligence is a question of law for the court. *Crisp Regional Nursing & Rehabilitation Center v. Johnson*, 258 Ga. App. 540, 542 (574 SE2d 650) (2002).

*Bardo v. Liss*, 273 Ga. App. 103, 104 (614 SE2d 101) (2005).

Despite the fact that the complaint characterized the claim as based on ordinary negligence, whether the complaint alleged ordinary or professional negligence is a question of law. *Pomerantz v. Atlanta Dermatology & Surgery, P.A.*, 255 Ga. App. 698, 699 (566 SE2d 425) (2002). Accordingly, Bazemore was required to file an expert affidavit with the complaint pursuant to OCGA § 9-11-9.1 if the complaint can be construed to allege that the Medical Center was vicariously liable for professional negligence. Id. In determining, as a matter of law, whether the complaint alleged claims based on ordinary negligence, professional negligence, or both, we construe the complaint under the test applied to motions to dismiss for failure to state a claim in OCGA § 9-11-12 (b) (6). *Hardwick v. Atkins*, 278 Ga. App. 79-80 (628 SE2d 173) (2006). We look solely to the allegations of the complaint and liberally construe the allegations to state a claim if, within the framework of the complaint, the plaintiff may introduce evidence which will sustain a grant of relief based on the claim. *Williams v. Alvista Healthcare Center*, 283 Ga. App. 613 (642 SE2d 232) (2007). We will conclude that the complaint does not allege a claim only if the allegations of the complaint disclose with certainty that the plaintiff would not be entitled to relief on the claim under any state of provable facts. Id.

Applying this test, we find the allegations of the complaint to be so general and unspecific that Bazemore could produce various evidence in support of the allegations which could state claims that a Medical Center employee committed professional negligence or ordinary negligence. For example, Bazemore could produce evidence that the Medical Center employee at issue was a licensed health care professional under OCGA § 9-11-9.1 (d) — a medical doctor or nurse — who despite awareness of Bazemore's medical condition left her without assistance in the restroom. Based on this evidence, the complaint would allege professional negligence because "the degree

of physical assistance needed by [Bazemore] to prevent a fall in light of [her] medical condition required the exercise of expert medical judgment." *Bardo*, 273 Ga. App. at 105. Bazemore could also, for example, produce evidence that she asked a nonprofessional Medical Center employee not listed in OCGA § 9-11-9.1 (d) to assist her to the restroom, and that the employee undertook the task and then negligently failed to assist. Since this evidence would not involve the professional skill and judgment of a licensed health care professional, the complaint would allege a claim based on ordinary negligence. See *Hillhaven Rehabilitation &c. Center v. Patterson*, 195 Ga. App. 70, 71-72 (392 SE2d 557) (1990); *Upson County Hosp. v. Head*, 246 Ga. App. 386, 388-393 (540 SE2d 626) (2000).

We will not speculate on other evidence which Bazemore could produce in support of the broad allegations of the complaint. We hold that, because the complaint can be construed to allege that the Medical Center is vicariously liable for the professional negligence of a licensed health care professional listed in subsection (d) of OCGA § 9-11-9.1, and Bazemore failed to file the expert affidavit required by OCGA § 9-11-9.1 (a), the trial court erred by denying the Medical Center's motion to dismiss to the extent it sought dismissal of any such claim alleged in the complaint. *Brown v. Tift County Hosp. Auth.*, 280 Ga. App. 847 (635 SE2d 184) (2006); *Peterson v. Columbus Med. Center Foundation*, 243 Ga. App. 749, 755 (533 SE2d 749) (2000). The trial court correctly denied the Medical Center's motion to dismiss to the extent the complaint can be construed to state a claim based on ordinary negligence. *Brown*, supra; *Peterson*, supra.

*Judgment affirmed in part and reversed in part. Ellington and Adams, JJ., concur.*

DECIDED JULY 3, 2007.

*Brennan & Wasden, Stephen L. Stincer, Tracie G. Smith*, for appellant.
*M. Francis Stubbs*, for appellee.