72843. YOUMANS v. RILEY PROPERTIES.
(349 SE2d 1)

BANKE, Chief Judge.

This appeal is by the defendant in a dispossessory action from the denial of his motion for new trial: The sole enumeration of error is that the trial court was required to grant the motion because the named plaintiff did not purport to be a legal entity. *Held*:

"Where a party desires to raise an issue as to the capacity or authority of a party to bring an action, he must do so by specific negative averment in his responsive pleadings . . . Otherwise, such defense[ ] [is] deemed waived." *Klorer-Willhardt, Inc. v. Martz*, 166 Ga. App. 446, 447 (304 SE2d 442) (1983). See also OCGA § 9-11-9 (a).

The effect of this procedural rule is to ensure that the plaintiff will have an opportunity to correct the misnomer by amendment. See generally OCGA §§ 9-11-15 (c); 9-11-17 (a). The former rule that all proceedings are a nullity if the plaintiff named in the original complaint is not a legal entity no longer obtains. See *Block v. Voyager Life Ins. Co.*, 251 Ga. 162 (1) (303 SE2d 742) (1983). Moreover, " '[o]bjections which go to the judgment only, and do not extend to the verdict, cannot properly be made grounds of a motion for new trial.' " *Smith v. Wood*, 189 Ga. 695 (2) (7 SE2d 255) (1940).

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 2, 1986.

*Michael R. Hauptman*, for appellant.
*Casper S. Whitner*, for appellee.

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*