## A90A0451. SPARKS v. SOUTHWEST COMMUNITY HOSPITAL & MEDICAL CENTER, INC.
(395 SE2d 68)

CARLEY, Chief Judge.

When he broke his leg, appellant-plaintiff became a patient at appellee-defendant hospital. Appellant's leg was re-injured while he was being transported in a wheelchair by appellee's supervisor of patient transportation. As the result of this re-injury, appellant filed this suit, alleging that "[t]he wheelchair being used was an improper type and not designed for the transfer and portage of patients in [his] condition . . ." and that appellee "by and through its agents and/or employees was negligent in the diagnosis, treatment, and care which they rendered to [him]." Appellee answered, denying the material allegations of appellant's complaint.

The case was tried before a jury and a verdict in appellee's favor was returned. Appellant appeals from the judgment that was entered by the trial court on the jury's verdict. In his sole enumeration of error, appellant urges that this was not a professional negligence action requiring expert testimony and that the trial court erred in charging the jury that it was.

" 'The requirement that expert testimony be adduced in a medical malpractice case is premised upon the existence in such a case of "medical questions" which control its resolution. (Cits.) . . .' [Cit.] The question here is whether [appellee] deviated from the applicable standard of care in its [choice of the type of wheelchair to be used to transport] a patient in the condition and circumstances of [appellant]. [Cit.] The evidence here clearly indicates that the medical condition of the patient was the determinative factor as to the [type of wheelchair which should be used] by the hospital staff. Thus, the alleged negligent act required the exercise of expert medical judgment by [appellee's] staff. [Cit.]" *General Hospitals of Humana v. Bentley*, 184 Ga. App. 489, 490-91 (361 SE2d 718) (1987).

Appellant's reliance on *Candler Gen. Hosp. v. McNorrill*, 182 Ga. App. 107, 110 (2) (354 SE2d 872) (1987), is misplaced. In that case, "the only issue was the nurse's decision to undertake the physical act of moving the patient from a stretcher or casting table to a [wheelchair], which was 'merely an act of relative physical strength and dexterity rather than an act requiring the exercise of expert medical judgment.' [Cits.] . . . Since the instant case, unlike *Candler Gen. Hosp.*, involved the questioning of [an] expert . . . [judgment], the trial court did not err in treating it as a professional malpractice case and [instructing the jury accordingly]." *Chafin v. Wesley Homes*, 186 Ga. App. 403 (1), 404 (367 SE2d 236) (1988).

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED JUNE 7, 1990.

Ellerin & Associates, Irwin M. Ellerin, Denise A. Hinds, for appellant.

Smith, Gambrell & Russell, David M. Brown, Rosemary Smith, for appellee.