A92A0951. JENKINS COUNTY HOSPITAL AUTHORITY
v. LANDRUM et al.
(426 SE2d 572)

COOPER, Judge.

Appellees brought this action on behalf of their minor child for injuries suffered by the child during a cesarean delivery performed by Dr. Virgil Abrue at appellant hospital. Appellees alleged in their complaint that Dr. Abrue was negligent in performing a premature cesarean section without having a proper mechanical ventilator to alleviate respiratory distress and that the hospital was negligent in not having the necessary equipment to alleviate the child's respiratory distress and in having Dr. Abrue on its staff. Pursuant to OCGA § 9-11-9.1, appellees filed with their complaint an expert affidavit addressing the specific allegations of negligence made against Dr. Abrue. The hospital filed a motion to dismiss on the ground that appellees failed to comply with OCGA § 9-11-9.1 because the affidavit did not address any of the allegations of negligence attributed to the hospital. The trial court denied the motion, and we granted this interlocutory appeal to consider whether the trial court correctly determined that an OCGA § 9-11-9.1 affidavit is not required as to the allegations of negligence against the hospital.

This case is controlled by *Gillis v. Goodgame*, 262 Ga. 117 (414 SE2d 197) (1992) and *Lamb v. Candler General Hospital*, 262 Ga. 70 (413 SE2d 720) (1992). Therefore, an affidavit under OCGA § 9-11-9.1 is not necessary, and the trial court did not err in denying the hospital's motion to dismiss. See *Lamb*, supra at 71.

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 8, 1992 —
RECONSIDERATION DENIED DECEMBER 16, 1992.

*Oliver, Maner & Gray, William P. Franklin, Jr., Wendy W. Williamson*, for appellant.

*Finch, McCranie, Brown & Thrash, Charles E. McCranie, Hunter & Hunter, Hugh T. Hunter, Harry H. Hunter, Thomas M. Odom*, for appellees.