A95A0273. ROBINSON v. MEDICAL CENTER OF CENTRAL GEORGIA.
(456 SE2d 254)

BLACKBURN, Judge.

Appellant/plaintiff, Milton Robinson, Sr., brought the underlying action against the appellee/defendant Medical Center of Central Georgia (Central Georgia), seeking damages for injuries he allegedly sustained while a patient at Central Georgia. Robinson alleged that

"after an intake process [h]e was directed to a room and put in bed; that as [h]e lay in his bed, he began to writhe and twist"; that, as a result, he fell from his hospital bed and hit the floor injuring himself; that "the bed rail on his bed was down and not secured . . . [and that Central Georgia's] agents and employees failed to exercise reasonable and ordinary care in their attendance and supervision of [him] and said failure solely, foreseeably and proximately caused serious bodily injury to [him]."

Central Georgia answered denying the material allegations of the complaint and defending on the ground that Robinson had not filed an expert's affidavit in support of his claim. Contemporaneously, Central Georgia moved to dismiss or in the alternative for summary judgment for Robinson's failure to file an expert's affidavit with his complaint as required by OCGA § 9-11-9.1. In support of its motion, Central Georgia provided the affidavit of a senior registered nurse and employee. The affidavit described the hospital's fall risk protocol, a protocol allowing nurses to determine when side rails should be employed to physically restrain hospital patients as a matter of nursing judgment — the latter predicated on an overall assessment of the patient, including such factors as the patient's combativeness, degree of disorientation or confusion, risk of falling out of bed for other reasons, treatment needs and hospital staffing levels. Robinson responded by brief to the motion for summary judgment asserting that no expert's affidavit was required in that his claim was for ordinary negligence alone.

The trial court granted Central Georgia's OCGA § 9-11-9.1 motion to dismiss and motion for summary judgment and dismissed the complaint. Robinson appeals the court's ruling.

Robinson contends that the trial court erred by granting Central Georgia's motion for summary judgment for his failure to attach an expert's affidavit to his complaint pursuant to OCGA § 9-11-9.1.

OCGA § 9-11-9.1 (a) pertinently provides that "[i]n any action for damages alleging *professional* malpractice, the plaintiff shall be required to file with the complaint an affidavit of an expert." (Emphasis supplied.) An expert's affidavit is not necessary where professional skill and judgment are not involved. See *Lamb v. Candler Gen. Hosp.*, 262 Ga. 70, 71 (1) (413 SE2d 720) (1992). However, such an affidavit is required in an action against a hospital where, as here, liability is predicated on the doctrine of respondeat superior and "the averment of acts or omissions requiring the exercise of professional skill and judgment by agents or employees who themselves are recognized as 'professionals' under OCGA § 14-7-2. . . ." *Dozier v. Clayton County Hosp. Auth.*, 206 Ga. App. 62, 65 (424 SE2d 632) (1992). Whether the side rails should have been in the "up" position or the "down" position was a professional question as it was in *Smith v.*

*North Fulton Med. Center*, 200 Ga. App. 464, 465-466 (1) (408 SE2d 468) (1991). While we allowed the plaintiff's ordinary negligence claim to proceed in *North Fulton*, supra, we did so based on the fact that the hospital's staff had failed to raise the side rails in accordance with the "written nursing assessment" which had previously been made and provided that the rails should be raised. It was the failure to carry out the nurse's instruction that constituted ordinary negligence. The negligent conduct therein did not involve the exercise of professional judgment, but rather the execution of issued instructions, which execution required no professional skills.

At summary judgment, a movant/defendant must demonstrate by reference to evidence in the record that there is an absence of evidence to support at least one essential element of the non-moving party's case. In other words, summary judgment is appropriate when the court, upon viewing all the facts and reasonable inferences from those facts in a light most favorable to the non-moving party, concludes that the evidence does not create a triable issue as to each essential element of the case. *Lau's Corp. v. Haskins*, 261 Ga. 491, 495 (405 SE2d 474) (1991). Inasmuch as Robinson's claim of negligence goes to the propriety of a professional decision rather than to the efficacy of conduct in the carrying out of a decision previously made, we conclude that his complaint sounded in professional malpractice alone. Accordingly, the trial court did not err in granting summary judgment to Central Georgia based upon Robinson's failure to attach an expert's affidavit to his complaint pursuant to OCGA § 9-11-9.1 (a).

*Judgment affirmed. Beasley, C. J., Birdsong, P. J., Andrews, Johnson and Smith, JJ., concur. McMurray, P. J., Pope, P. J., and Ruffin, J., dissent.*

McMURRAY, Presiding Judge, dissenting.

I respectfully dissent as it is my view that the trial court erred in dismissing Robinson's complaint for failure to file an expert affidavit (pursuant to OCGA § 9-11-9.1) and granting summary judgment with regard to Robinson's claim of ordinary negligence.

In my view, there is critical proof that at least one Central Georgia employee (a nurse) was aware that Robinson is "legally blind" and that Robinson was suffering from severe abdominal pain (presumably so severe that it required hospitalization) at the time he was left unattended in an unsecured hospital bed. I believe that this proof raises genuine issues of material fact as to whether Central Georgia's employees exercised ordinary care (not professional malpractice) in "watching over" Robinson at the time of the patient's fall. Further, the circumstances of the case sub judice present issues which are indistinguishable from the issues resolved in this court's whole court

decision in *Smith v. North Fulton Med. Center*, 200 Ga. App. 464, 465 (1) (408 SE2d 468). Just as in *North Fulton*, I believe the allegations of Robinson's complaint and the evidence he offered on summary judgment exclude the necessity of expert testimony to resolve the issue of whether Central Georgia breached its duty to exercise ordinary care in protecting Robinson from injury which was reasonably foreseeable because of the patient's impaired physical condition. In fact, under indistinguishable circumstances, this court sustained a verdict in favor of an elderly patient in *Hosp. Auth. of Hall County v. Shubert*, 96 Ga. App. 222, 225 (2) (99 SE2d 708), who fell out of bed and charged the hospital with ordinary negligence (not professional malpractice) for failing to place sideboards on her bed or otherwise keep watch over her so as to prevent the foreseeable result of her infirm condition, i.e., thrashing out of her hospital bed.

I am authorized to state that Presiding Judge Pope and Judge Ruffin join in this dissent.

DECIDED MARCH 9, 1995 —
RECONSIDERATION DENIED MARCH 28, 1995 — 

*J. O'Quinn Lindsey*, for appellant.
*Sell & Melton, Joseph W. Popper, Jr., Michelle W. Johnson*, for appellee.