## A96A1485. MARTIN v. BROWN et al.
(474 SE2d 742)

ELDRIDGE, Judge.

On March 15, 1992, appellant was struck by Nathaniel Brown, Jr., who, while DUI, crossed the centerline and hit the vehicle driven by appellant, which collision killed Brown. Bobbie Brown is the widow of Nathaniel Brown, Jr. and executrix of his estate. The initial suit was dismissed without prejudice and refiled within six months, but in such interval the executrix closed out the estate and obtained a discharge from the Probate Court of Stephens County. Appellee answered the refiled complaint pleading the discharge and the lack of capacity to be sued as executrix of the estate of Nathaniel Brown, Jr. and moved for the dismissal of the renewed action. Appellant amended his complaint on January 4, 1996, to sue the appellee personally as recipient of the assets of the estate as a creditor as well as suing her in her representative capacity. A hearing was held on February 2, 1996, on the motion to dismiss, and the motion was granted.

The record is silent as to whether or not Bobbie Brown owned or maintained the vehicle driven by her late husband at the time of the collision or whether the vehicle was insured so that a chose in action, the right to indemnification and defense, existed which would be an asset of the estate. The record is also silent as to whether or not the probate court has granted or denied any motion to open the order discharging appellee or if there has been appointed an administrator to take charge of any subsequently found asset of the estate, i.e., any insurance coverage.

There appears in the record attached to the brief of appellee in support of the motion to dismiss documentary evidence, and the answer was verified. There has been no pretrial order entered in the case although the record contains two unsigned proposed pretrial orders.

Under the Civil Practice Act, OCGA § 9-11-12 (b) (6), an action can be dismissed upon the merits where the complaint "[f]ail[s] to state a claim upon which relief can be granted." In dealing with such motion the trial court can look only to the complaint and not to the answer, because to consider the answer and other pleadings converts to a motion for judgment on the pleadings under OCGA § 9-11-12 (c). If any evidence is considered from any source, the motion has been converted to a motion for summary judgment under OCGA § 9-11-56 and must have the requisite notices, time to respond after notice and presumptions. Since no executed and recorded pretrial order has been entered pursuant to OCGA § 9-11-16, then the appellant, as a matter of right without an order from the court granting leave to amend, could amend the complaint to set forth that appellee was being sued personally as well as in her representative capacity. On

the motion to dismiss this amended capacity had to be considered.

Lack of capacity to be sued must be specifically pled under the requirement of OCGA § 9-11-9 (a), which appellee did. Appellee has the duty not only to specifically raise such issue but also as to proof of such defense; see *Youmans v. Riley Properties*, 180 Ga. App. 176 (349 SE2d 1) (1986); *Patterson v. Duron Paints of Ga.*, 144 Ga. App. 123 (240 SE2d 603) (1977).

A complaint can be dismissed for failure to state a claim upon which relief may be granted only " 'if it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim. If within the framework of the complaint, evidence may be introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient.' " (Citation omitted.) *Bourn v. Herring*, 225 Ga. 67, 70 (166 SE2d 89) (1969); *Williams v. Hajosy*, 210 Ga. App. 637 (436 SE2d 716) (1993). A plaintiff does not have to plead in the complaint facts sufficient to set out the element of a cause of action so long as the complaint puts the opposite party on reasonable notice of what issues must be defended against; therefore, no matter how poorly a complaint has been drafted, if the complaint sufficiently raises possible theories of recovery, it should not be dismissed. *Dillingham v. Doctors Clinic, P.A.*, 236 Ga. 302 (223 SE2d 625) (1976). On motion to dismiss the trial court must construe plaintiff's amended complaint most favorably for the plaintiff with all doubts resolved in his favor. *Quetgles v. City of Columbus*, 264 Ga. 708 (450 SE2d 677) (1994).

When plaintiff's amended complaint is examined in such light, there exist several possible theories of personal liability which might be supported by evidence not in the record. Appellee may have owned or maintained the vehicle within the family purpose doctrine or may have negligently entrusted the vehicle to her husband. Appellant may be able to have the order of the probate court set aside, and appellee may be individually liable for the debts of the estate to the extent of such assets. There may exist insurance on the vehicle; appellant may have provided notice and service on the uninsured motorist carrier of the borrowed vehicle that he was driving to allow an uninsured motorist action. Any statute of limitation or capacity defense may be shown to have been waived or tolled upon presentation of evidence. A motion for summary judgment would be the proper motion to preclude appellant from such theories of liability by showing the absence of a material issue of fact and piercing the pleadings, requiring appellant to come forward to show that a material issue of fact does in fact exist.

While the trial court through pretrial may be aware that no facts exist to support any theory of liability and that it is unlikely that appellant after this length of time may obtain such evidence, the

record is silent and procedurally the order of dismissal must be reversed. The issues raised in the motion to dismiss can be properly addressed on a proper motion for summary judgment.

*Judgment reversed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED AUGUST 20, 1996.

*Willie J. Woodruff, Jr.*, for appellant.
*James T. Irvin*, for appellees.