A97A2068. HOLLOWAY et al. v. NORTHSIDE HOSPITAL.
(496 SE2d 510)

BIRDSONG, Presiding Judge.

Ruth and Austin Holloway appeal the dismissal of their complaint for failure to attach the affidavit required by OCGA § 9-11-9.1 in professional negligence actions. Ruth Holloway sought damages for her injuries sustained in a fall at Northside Hospital, for mental and emotional distress, and for medical expenses. Her husband, Austin Holloway, seeks damages for his loss of consortium. They contend that the affidavit was not required in their case because their complaint alleged acts of simple negligence only. Northside Hospital, however, contends that the complaint asserts a claim for professional negligence because the issue is whether the nurses who were to assist Mrs. Holloway exercised proper professional judgment in assessing the degree of support she required. *Held*:

"In any action for damages alleging professional malpractice . . . the plaintiff shall be required to file with the complaint an affidavit of an expert competent to testify, which affidavit shall set forth specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim." OCGA § 9-11-9.1 (a). Further, failure to file the required affidavit requires dismissal because of failure to state a claim. OCGA § 9-11-9.1 (e).

A § 9-11-9.1 affidavit is required when the issue is a defendant's compliance with a professional standard of conduct (*Roebuck v.*

*Smith*, 204 Ga. App. 20, 22 (418 SE2d 165)), but when professional judgment and skill are not involved, a § 9-11-9.1 affidavit is not required. *Lamb v. Candler Gen. Hosp.*, 262 Ga. 70, 71 (413 SE2d 720). Further, an action against a hospital can require a § 9-11-9.1 affidavit if the action is against the hospital because of alleged negligence of professionals through the doctrine of respondeat superior. *Legum v. Crouch*, 208 Ga. App. 185 (430 SE2d 360).

In this appeal, we find that the trial court did not err by finding that a professional affidavit was required. Mrs. Holloway's complaint sounds in professional negligence because she alleges that, even though the nurses who were assisting her knew or should have known that she was subject to falling, they failed to exercise proper care to prevent her from falling. Under these circumstances, this case is a professional negligence action. *Robinson v. Medical Ctr. of Central Ga.*, 217 Ga. App. 8 (456 SE2d 254); *Bulloch County Hosp. Auth. v. Parker*, 196 Ga. App. 438 (396 SE2d 37); *Sparks v. Southwest Community Hosp. &c.*, 195 Ga. App. 858 (395 SE2d 68). In these cases we found that expert testimony would be required to determine whether the hospital employees' actions deviated from the applicable standard of care. As the same is true here, Mrs. Holloway's case is also a professional negligence action, and her complaint was subject to dismissal because a § 9-11-9.1 affidavit was required. Mr. Holloway's action is a derivative one, stemming from the right of the other spouse to recover for her injuries. When the other spouse cannot recover from the alleged tortfeasor as a matter of law, however, the alleged tortfeasor also is not liable for loss of consortium arising from those injuries. Here, Mrs. Holloway cannot recover because of her failure to attach a professional negligence affidavit, and thus Mr. Holloway has no claim for the loss of consortium. *White v. Hubbard*, 203 Ga. App. 255, 257 (416 SE2d 568).

Therefore, the trial court did not err by dismissing the Holloways' complaint.

*Judgment affirmed. Blackburn and Ruffin, JJ., concur.*

DECIDED JANUARY 28, 1998.

*Hillman J. Toombs*, for appellants.

*Goldner, Sommers, Scrudder & Bass, Susan V. Sommers, Tammy S. Skinner, Tiffany T. Norman*, for appellee.