**FIRST DIVISION**
**BARNES, P. J.,**
**LAND and WATKINS, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**February 8, 2024**

# In the Court of Appeals of Georgia

A23A1435. HOLT et al. v. GLENWOOD OPERATING COMPANY, LLC.

LAND, Judge.

This is an ordinary negligence case where the appellants contend that a certified nursing assistant ("CNA") employed by Glenwood Operating Company, LLC ("Glenwood") was negligent when she failed to follow instructions for the care of a nursing home resident, resulting in the resident falling from her bed and suffering injuries. Appellants' specific contention of negligence is that the CNA attempted to reposition and bathe the resident in the bed without assistance when she had been instructed that at least two people were required for this task. The problem with this claim is that the undisputed evidence in the record shows that the CNA was never given such an instruction and that she had in fact been told that only one person was

needed to bathe the resident. Since there is no evidence supporting appellants' claim of ordinary negligence, the trial court properly granted summary judgment in Glenwood's favor.

To the extent appellants take issue with the instructions given to the CNA and contend that she should have been instructed to enlist the aid of another care giver in the bathing process given the scope and severity of the resident's underlying medical problems and risk factors, their contention would transform this case into one involving allegations of professional negligence, requiring an expert affidavit under OCGA § 9-11-9.1. Appellants attached no such affidavit to their complaint and conceded that they were not pursuing a professional negligence claim. Under these circumstances, the trial court did not err in granting Glenwood's motion for summary judgment.

"Summary judgment is appropriate when no genuine issues of material fact remain and the moving party is entitled to judgment as a matter of law. On appeal, we review a trial court's grant of summary judgment de novo, construing the evidence and all inferences drawn from it in a light favorable to the nonmovant." (Citations and

punctuation omitted.) *Stolte v. Hammack*, 311 Ga. App. 710, 710 (716 SE2d 796) (2011).

So viewed, the record shows that Doris Holt was hospitalized on May 8, 2017 for multiple medical problems, including morbid obesity, alcoholic cirrhosis and an unhealed left knee fracture. She also had an above the knee amputation on her right leg. On May 19, Mrs. Holt was discharged from the hospital to Glenwood for inpatient skilled nursing care. Her hospital records, which were forwarded to Glenwood, indicated that she needed the assistance of two people to roll or turn in bed. Following an assessment of Mrs. Holt's condition, , Glenwood created a care plan that addressed her risks and needs. According to her care plan, she required the "extensive assistance of 1 staff member" to meet her grooming and hygienic needs. Care givers assigned to Mrs. Holt, including the CNA whose care is at issue in this case, were provided with a separate "care card" instructing them that she required the assistance of only one staff number for the performance of a brief change and a bed bath.[1]

---

[1] Although Mrs. Holt's care card required only one staff member to assist with bed baths, Glenwood's records show that two staff members assisted her with bed mobility at least three times between her admission on May 19 and her fall on May 21.

On May 21, a Glenwood CNA attempted to give Mrs. Holt a bed bath without assistance. As the CNA was preparing to change Mrs. Holt's bed linens, Mrs. Holt grabbed the partial bed rail and rolled off the bed. Glenwood performed a post-fall review that concluded that Mrs. Holt required two staff members to assist her rather than one.

After Mrs. Holt's death, appellants filed this negligence action, alleging that the CNA had failed to carry out instructions she had been given, specifically instructions that Mrs. Holt was to be assisted by two staff members. They did not attach an expert affidavit to their complaint. In its order denying Glenwood's motion to dismiss, the trial court held that no affidavit was required since appellants' claim did not call into question a matter of professional judgment but rather the simple question of whether the CNA properly followed the instructions given to her. See *Upson Cnty. Hosp., Inc. v. Head*, 246 Ga. App. 386, 389 (1) (540 SE2d 626) (2000) ("claims that employees failed to carry out instructions . . . alleged ordinary negligence"); *Robinson v. Med. Ctr. of Cent. Georgia*, 217 Ga. App. 8, 9-10 (456 SE2d 254) (1995) (although the question of "[w]hether side rails should have been in the 'up' or 'down' position was a professional question . . . [whether a] hospital's staff had failed to raise the side rails

4

in accordance with the 'written nursing assessment' which had previously been made and provided that the rails should be raised" constituted ordinary negligence).

Glenwood then filed a motion for summary judgment, arguing that there was no evidence supporting appellants' ordinary negligence claim. The trial court initially denied the motion, finding that there was a material issue as to the number of people required to give Mrs. Holt a bed bath, but then reconsidered its decision and granted Glenwood's motion. The trial court accepted Glenwood's argument that the question of how many people were *required* for Mrs. Holt's bed baths was a medical question calling for the exercise of professional judgment, an issue outside the scope of appellants' ordinary negligence claim. The trial court also accepted Glenwood's argument that the only evidence on the appellants' ordinary negligence claim (i.e., the only evidence showing whether the CNA complied with the instructions given to her) was that the CNA had been told that Mrs. Holt only required the assistance of one staff member and that the CNA complied with this instruction. Finding that appellants had "offer[ed] no evidence that the CNA failed to properly carry out the instructions she received," the trial court granted summary judgment on the ordinary negligence claim. This appeal followed.

1. Appellants argue that the CNA's decision to move Mrs. Holt in her bed "without any assistance was one of ordinary negligence." If the CNA's actions had violated the instructions she had been given, this would be a persuasive argument. See *Upson Cnty. Hosp.*, 246 Ga. App. at 389 (1); *Smith v. N. Fulton Med. Ctr*, 200 Ga. App. 464, 466 (1) (408 SE2d 468) (1991) (allowing ordinary negligence claim to proceed against hospital staff that failed to raise side rails on bed in accordance with written instructions). However, these are not the instructions the CNA was given. She was instructed that no assistance was required, and she did not violate any instructions for Mrs. Holt's care. Accordingly, appellants' claim of ordinary negligence fails.

2. To the extent appellants contend that Glenwood was negligent in the instructions given to the CNA and that she should have been told Mrs. Holt's condition required two care givers for a bed bath, such contention would transform this case into one of professional negligence requiring the contemporaneous filing of an OCGA § 9-11-9.1 affidavit. See *Upson Cty. Hosp.*, 246 Ga. App. at 389 (1) (where claim "goes to the propriety of a professional decision rather than to the efficacy of conduct in the carrying out of a decision previously made, the claim sounds in professional malpractice"); *Holloway v. Northside Hosp.*, 230 Ga. App. 371, 371 (496 SE2d 510) (1998) (where the issue in a fall case

involves the question of whether nurses exercised proper professional judgment in assessing the degree of support required by patient, the complaint sounds in professional negligence); *Gen. Hosp. of Humana, Inc. v. Bentley*, 184 Ga. App. 489, 491 (361 SE2d 718) (1987) (where patient's medical condition is determinative factor as to the degree of supervision required, claim of negligent supervision sounds in professional negligence). Appellants did not file an affidavit with their complaint and have conceded that they are not pursuing a professional negligence claim. Therefore, we reject any contention that Glenwood was negligent with respect to the instructions it gave its CNA.

Because this is an ordinary negligence case and it is undisputed that the CNA whose care is at issue provided the level of care she was instructed to provide, there is no triable issue of fact for the jury to decide. The trial court did not err in granting Glenwood's motion for summary judgment, and that decision is affirmed.

*Judgment affirmed. Barnes, P. J., and Watkins, J., concur.*