**FIRST DIVISION**
**DOYLE, C. J.,**
**ANDREWS, P. J., and RAY, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**January 13, 2016**

# In the Court of Appeals of Georgia

A16A0173. YAN v. HERLIS ASSOCIATES, LLC et al.

ANDREWS, Presiding Judge.

Huizhu Yan commenced this action against Jane T. St. Clair, M.D., P.C., d/b/a Wellbeings Occupational Healthcare, along with the owner and management company of the premises where Dr. St. Clair's medical office was located, seeking recovery for injuries she sustained as she helped her nephew leave the premises after his appointment with Dr. St. Clair. This appeal follows the trial court's final judgment dismissing Count 2 of the complaint.

In her complaint, Yan alleged that on April 12, 2013, she accompanied her nephew to Dr. St. Clair's office for treatment of an injury that impaired his ability to walk. As they left Dr. St. Clair's office, the nephew lost his balance and fell into Yan,

causing her to fall on the concrete stairway. Count 2 of Yan's complaint faulted Dr. St. Clair for not assisting Yan's nephew off the premises.

Dr. St. Clair moved to dismiss Yan's complaint on the grounds the complaint alleged medical malpractice but failed to attach an expert's affidavit as required by OCGA § 9-11-9.1. In response, Yan asserted her complaint alleged an ordinary negligence claim, not medical malpractice, thus obviating the need for an expert affidavit. The trial court dismissed Count 2 of the complaint for failure to state a claim for which relief could be granted, quoting "the long-established general rule . . . that a person is under no duty to rescue another from a situation of peril which the former has not caused, even when the peril is foreseeable." (Punctuation and footnote omitted.) *Boller v. Robert W. Woodruff Arts Center*, 311 Ga. App. 693, 696 (1) (716 SE2d 713) (2011).

> In determining, as a matter of law, whether the complaint alleged claims based on ordinary negligence, professional negligence, or both, we construe the complaint under the test applied to motions to dismiss for failure to state a claim in OCGA § 9-11-12 (b) (6). We look solely to the allegations of the complaint and liberally construe the allegations to state a claim if, within the framework of the complaint, the plaintiff may introduce evidence which will sustain a grant of relief based on the claim.

2

(Citations omitted.) *Health Mgmt. Assoc. v. Bazemore*, 286 Ga. App. 285, 287 (648 SE2d 749) (2007).

In the instant case, to the extent Yan's Count 2 in her complaint may be construed to state a claim for professional negligence in failing to provide her nephew with assistance in walking, the trial court's dismissal of that count must be upheld because of Yan's failure to submit an expert affidavit as required by OCGA § 9-11-9.1. And to the extent Count 2 may be construed as merely stating a claim for ordinary negligence, we find the trial court properly applied the "no duty to rescue" rule expounded in *Boller*, supra.

*Judgment affirmed. Doyle, C. J., and Ray, J., concur.*